Williams, Judge,
delivered the opinion of the court:
Plaintiff brings suit to recover damages because. of the alleged breach of a contract entered into between plaintiff and the United States whereby plaintiff. agreed to furnish all labor and materials, and perform all work required for the construction of a bath house, swimming pool, beginners’ pool, pump and filter room, pergola and shelter, and two sand boxes, together with plumbing and electrical work, brick and concrete paving, mechanical equipment and piping for filling, emptying, and cleaning the pools, and for recirculating and purifying the water in the pools, on McKinley High School Grounds, Washington, D. 0., for the consideration of $79,950, the work to be commenced October 14, 1927, and be completed April 29, 1928. A supplemental contract was entered into providing for additional work of hauling excavated material from the site, at a rate of 40 cents per cubic yard, bank measurement.
Plaintiff promptly began work under the contract. However, on December 14, 1927, the contracting officer wrote plaintiff informing him that the Comptroller General of the United States had decided the contract was illegal on the *162 ground that the act of May 4,1926 (44 Stat. 394), authorizing the construction of the pools provided that they should be located “upon lands acquired or hereafter acquired for park, parkway, or playground purposes,” while the land upon which the pools were being built had been acquired for school purposes. The letter further stated that the General Accounting Office had been asked to review its decision but informed the plaintiff that no further payments could be made unless and until an authorization would be received. The letter then stated that the plaintiff could proceed with the work-if he chose to do so, but only at his own risk, without creating any obligations on the part of the Government unless action should be taken to validate the contract and the location of the pools. Plaintiff replied to this letter on the following day, December 15, 1927, saying:
We shall hold this work in abeyance until we are officially informed by your office to proceed with same.
Thereafter the plaintiff performed no more work and furnished no more material on the job. Up to this túne the plaintiff had expended the sum of $23,240.84 and had received from the defendant in payment therefor $23,472.60.
Thereafter Congress, in the Independent Offices Act, 1929, made available for the construction of one of the pools the site involved in this case, and on November 7, 1928, plaintiff was advised by letter from the contracting officer that November 16,1928, had been fixed for the date of resumption of work on the contract.
In the meantime, however, plaintiff had assigned all his assets, including the contract involved in this case, to the G. G. Loehler Construction Co., Inc., a corporation, in consideration of most of the stock of that corporation. The contracting officer was informed of this fact on February 11, 1929, and on February 15, 1929, the defendant and the G. G. Loehler Construction Co., Inc., entered into a contract which purported to substitute the corporation as the contractor in the original contract with plaintiff. This contract recited the assignment by plaintiff to the corporation, stated that the name of G. G. Loehler, an individual, trading *163 as the G. G. Loehler Co., is changed to the G. G. Loehler Construction Co., Inc., and modified the original contract in that “the name of the contractor will hereafter be known as the G. G. Loehler Construction Co., Inc.” The corporation thereupon proceeded with the work of completing the contract. . .
The defendant contends that plaintiff is not entitled to recover for the following reasons: (1) that the contract of October 6, 1927, was invalid; (2) that the contract was not breached by the defendant; (3) that plaintiff has failed to establish that he sustained damages in any amount whatever; and (4) that plaintiff by assigning the contract disabled himself from performance.
The improvements covered in the contract were authorized by the act of May 4, 1926.[1] The pools were to be located upon lands acquired or thereafter acquired for park, parkway, or playground purposes. These terms have a well-established and definite signification. The pools provided for in the contract were not located on lands acquired for park, parkway, or playground purposes but instead were located on ground acquired specifically for and dedicated to school purposes. The rule is generally established that land dedicated to one public purpose may not be diverted to another purpose. United States v. Illinois Cent. R. Co., 26 Fed. cases, Case No. 15437, page 461; Rowzee v. Pierce, 75 Miss. 846; Board of Education v. Kansas City, 62 Kan. *164 374; Kelly v. Town of Hayward, 192 Cal. 242. In the case of Bauer v. Mitchell, 247 Mass 522, the court stated:
* * * The land in question was bought solely for the school under the definite provisions of a statute enacted with single reference to this particular school. * * * The appropriation by the county commissioners as trustees of the hospital of land bought for and dedicated to the uses of the school against the protest of the trustees of the school was without legal right. Explicit legislation to that end would have been necessary before such authority could have been exercised. * * *
In McCullough v. Board of Education, 51 Cal. 418, the defendant contracted with the plaintiff for the construction of a schoolhouse on a portion of a public square. The court said:
The contract of the Board of Education, upon which the suit is founded, was consequently ultra vires in the extreme sense, and the plaintiff could derive no rights thereunder, since he was bound to take notice that the Board of Education could not, under any circumstances, acquire a right to occupy a public square for school purposes.
In the light of these decisions the Comptroller General’s ruling that the contract in question was unauthorized and unenforceable was justified. The restriction by the statutes of the sites of the authorized pools to lands acquired or hereafter acquired for park, parkway, or playground purposes, of necessity excludes the use of land acquired for school purposes, since that would constitute diversion of land dedicated for one specific use to another public use inconsistent with the original dedication, without plain and ( explicit legislation to that end. It therefore must be held that the contract here involved was illegal and unenforceable against the United States. Since this is so plaintiff is not entitled to recover and it becomes unnecessary to consider the other defenses imposed herein. The petition will be dismissed. It is so ordered.
LittletON, Judge; GreeN, Judge; and Whaley, Chief Justice, concur.
Whitaker, Judge, took no part in the decision of this case.

 Act of May 4,1926 (e. 234, 44 Stat. 394) :
“* * * That the Director of Public Buildings and Public Parks of the National Capital be, and he is hereby, authorized and directed to locate and construct, * * * two artificial bathing pools or beaches in the District of Columbia, one pool for the white race and the other for the colored race * * *. The cost of these pools or beaches, with buildings and equipment, shall not exceed $345,000, and the appropriation of such sum for the purposes named is hereby authorized. No part of the sums appropriated for the purposes of this Act shall be expended for the purchase of land,- and the pools or beaches herein provided for shall be located upon lands acquired or hereafter acquired for park, parkway, or playground purposes.”